(No. 4294—

GEORGE BAIN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 19, 1950.*

MARK C. KELLER, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

George Bain, claimant, employed by the Department of Public Welfare as an operating engineer at the Dixon State Hospital, was injured in an accident at said hospital on May 2, 1949. Notice of the accident was given immediately to his supervisor, partial medical services were afforded him, and compensation was paid by the department. The claim was filed on April 20, 1950. It was stipulated that the accident arose out of and in the course of his employment, and all statutory requirements have been met.

In his complaint, claimant asked an allowance for temporary total disability, and for reimbursement for certain doctor and hospital services incurred by him, and for certain necessary trips made to Chicago, Illinois.

The facts disclose that on May 2, 1949, while claimant was working on or about a truck, the heavy end-gate fell down, because the iron pin holding it in place became loose and fell out, and in lifting and replacing the end-gate, which weighed approximately 200 pounds, claimant twisted and injured his back causing a 5th lumbar slipped disc condition. He was first attended by the doctors at the Dixon State Hospital, and later at the Illinois Research Hospital where an operation was performed on his back. Claimant has made a good recovery from the operation, and, at the time of the hearing, stated that he had returned to work on July 17, 1950; that he was performing most of his duties; and, that his back condition was steadily improving. He is making no claim for permanent disability or partial disability or specific loss.

On the date of the accident claimant was forty-six (46) years of age, married, but had no dependent chil-

dren. His earnings in the year preceding injury were $3,660.00.

Claimant was totally disabled from May 2, 1949 to July 17, 1950, the date he returned to work. During that period he was paid one month's full salary of $305.00, 60 per cent of $305.00 for one month, and 60 per cent of $355.00 for four months, making a total payment during his period of disability of $1,340.00. He was given a pay increase effective July 1, 1949 to the higher amount. Claimant was totally disabled for a period of sixty-two and five sevenths (62 5/7) weeks. He should have received in compensation for said period, at the rate of $19.50 per week, the total sum of $1,222.93, and has, therefore, received all compensation for temporary total disability.

Claimant expended for doctor and hospital services the following: Drs. Charles H. and Robert T. Lesage, $33.00; Dixon Public Hospital, $44.30; Illinois Research Hospital, $11.50. In addition, it was necessary that he make six trips from Dixon to Chicago, and he is asking for bus fare and cab fare on these trips at $10.25 each, making a total of $61.50.

The Court finds that Helen Heckman has rendered stenographic services in the amount of $26.25, which charge is found to be fair and reasonable.

An award is, therefore, entered in favor of the claimant, George Bain, in the amount of $150.30.

An award is also entered in favor of Helen Heckman for stenographic services in the amount of $26.25, which is payable forthwith.

This award is subject to the approval of the Governor, as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."